IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**LARRY DONNELL RICHARDSON,**

    Plaintiff,

vs.                                Case No. 4:07cv166-RH/WCS

**JAMES R. McDONOUGH, et al.,**

    Defendants.

_____/


## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights complaint under 42 U.S.C. § 1983. Doc. 1. The complaint has been reviewed pursuant to 28 U.S.C. § 1915A.

Plaintiff's claims concern the conditions of his confinement in 2006 while he was housed at Charlotte Correctional Institution. Doc. 1. All but one of the named Defendants work at Charlotte Correctional Institution. *Id.* The only named Defendant in this case who is within the territorial jurisdiction of this Court is James McDonough, Secretary of the Florida Department of Corrections, who is employed at the Department's Central Office in Tallahassee, Florida. It is possible that this Defendant

may be eventually dismissed from this case based on the doctrine of *respondeat superior*.[1] Nevertheless, the vast majority of the Defendants named in this case are located in Punta Gorda, Florida, and the events which give rise to Plaintiff's claims alleged occurred in Punta Gorda at Charlotte Correctional Institution. Doc. 1. Because Charlotte Correctional Institution is located within the jurisdiction of the Middle District of Florida, as are the majority of the Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Ft. Myers Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." The issue of defective venue may be raised *sua sponte*, and there is no need for a hearing prior to transferring this case. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988).

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), the undersigned respectfully **RECOMMENDS** transfer of this action to the United States

---

[1] A prison official cannot be named as a Defendant in a civil rights case merely because he or she has supervisory authority over others. The doctrine of *respondeat superior* does not provide a basis for recovery under § l983. Harvey v. Harvey, 949 F.2d 1127, 1129 (11th Cir. 1992), *citing* Monell v. Department of Social Services, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). In other words, one cannot be held liable for the actions or omissions of others but can only be held responsible if he participated in the deprivation of a plaintiff's constitutional rights. Here, there are no allegations of personal involvement by Defendant McDonough, with the exception of the submission of grievance appeals. Those appears are routinely answered by others. Plaintiff does not appear to be naming Defendant McDonough because of a policy or procedure he implemented and, thus, it is likely this Defendant will ultimately be dismissed from this action.

District Court for the Middle District of Florida, Ft. Myers Division, for all further

proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on April 25, 2007.


     s/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**